BENJAMIN CRAGIN, JR. & another *vs.* LAWSON WARFIELB & another.

A writ, in which the amount of the plaintiff's damages is wholly omitted, may be amended, by leave of the court, by filling the blank with the proper sum.

ASSUMPSIT on the money counts. The writ was returnable to the court of common pleas, at December term 1845, and was then duly entered. The writ was served by an arrest of the defendant Warfield, and commitment of him to prison. No sum, as damages, was inserted in the writ, which was thus: " To the damage of the plaintiffs, as they say, the sum of          dollars." At a subsequent term of said court, held by *Washburn*, J. the plaintiffs made the following motion : " And now the plaintiffs come and move the court for leave to insert the words ' three hundred ' in the *ad damnum* of their writ, the same having been omitted by mistake." The court allowed the amendment, and a verdict was rendered for the plaintiffs for $89·41. The defendants filed exceptions.

*E. Fuller*, for the defendants. The *ad damnum* was not amendable, it being left blank in the writ. By the Rev. Sts. c. 82, § 4, " no action shall be commenced in the court of common pleas, wherein the debt or damages demanded do not exceed twenty dollars, except real actions," &c. That court, therefore, on the face of the writ, had no jurisdiction, and could not acquire jurisdiction by an amendment. In *Hoit* v. *Molony*, 2 N. Hamp. 322, such an amendment, even after verdict, was held not to be allowable, as it " would be an assumption of jurisdiction."

*Bacon*, for the plaintiffs. The Rev. Sts. c. 100, § 22, authorize the court in which any civil action is pending, at any time before judgment rendered therein, to " allow amendments, either in form or substance, of any process, pleading or proceeding in such action." In *McLellan* v. *Crofton*, 6 Greenl. 307, an amendment like this was allowed after verdict; and Mellen, C. J. said, " it would be matter of regret,

if not of reproach to our laws, and to the administration of them, if such a motion could not be sustained. We entertain no doubt on the point."

WILDE, J. Whether the blank, which the court of common pleas allowed to be filled, by way of amendment, be regarded as matter of "form or substance," it is very clear, under the Rev. Sts. *c.* 100, § 22, that the amendment was well warranted. A similar amendment was held allowable, after verdict, in *McLellan* v. *Crofton*, 6 Greenl. 307. So in *Clark* v. *Herring*, 5 Binn. 33, under a statute of Pennsylvania, which authorized the amendment of declarations before trial, a plaintiff was permitted to increase the *ad damnum* from $600 to $900, on the trial. The jury found a verdict for a sum beyond the amount of the original *ad damnum*, and the defendant alleged the allowance of the amendment, as one of the errors for which the judgment on the verdict should be reversed. Yeates, J. said, "the amendment introduced no new merits into the case. The quantum of the demand, if any thing was due, was to be ascertained by the jury; and the defence would be precisely the same, whether the damages were laid at $600 or $900." So, in the present case, and in *McLellan* v. *Crofton*, the defence on the merits was not affected by the omission to lay any damages in the writ.

In *Converse* v. *Damariscotta Bank*, 3 Shepley, 431, it was decided that where a writ, in which the damages demanded exceeded $100, had been directed to and served by a constable, who had no authority to serve it, the *ad damnum* might be reduced, so as to justify the service. And before our revised statutes were passed, it was held, in *Danielson* v. *Andrews*, 1 Pick. 156, that the *ad damnum* in a writ might be increased, for the purpose of giving a right of appeal. But however all this may have been heretofore, since the revised statutes authorize amendments in matter of substance, as well as in matter of form, there can be no doubt in the present case.                    *Exceptions overruled.*